Zhao v. Holder

BIA
Balasquide, IJ
A094 798 042

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5th day of May, two thousand eleven.

PRESENT:

      GUIDO CALABRESI,
      REENA RAGGI,
      RAYMOND J. LOHIER, JR.,
          *Circuit Judges.*

_____

SONG YUE ZHAO, a.k.a. SONGYUE ZHAO
      *Petitioner,*

      v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
      *Respondent.*

10-2067-ag
NAC

_____

FOR PETITIONER:      Thomas V. Massucci, New York, New York.

FOR RESPONDENT:      Tony West, Assistant Attorney General; Anh-Thu P. Mai-Windle, Senior Litigation Counsel; Karen Y.

**Stewart, Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner, Song Yue Zhao, a native and citizen of China, seeks review of an April 30, 2010, decision of the BIA affirming the September 18, 2008, decision of Immigration Judge ("IJ") Javier E. Balasquide denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Song Yue Zhao*, No. A094 798 042 (B.I.A. April 30, 2010), *aff'g* No. A094 798 042 (Immig. Ct. N.Y. City Sept. 18, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we review both the BIA's and the IJ's decisions. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-67 (2d Cir. 2008).

2

The agency's adverse credibility determination was based on substantial evidence, given inconsistencies in Zhao's testimony and inconsistencies between her testimony and her asylum application. Zhao initially testified that she lived with her boyfriend for four years, but subsequently testified that she lived with him for less than one year. Her asylum application indicated that she began living with him in October 2005, but she alternately testified that she began living with him in either February 2005 or October 2005. *See* 8 U.S.C. § 1158(b)(1)(B)(iii) (providing that an adverse credibility determination may be based on "the consistency between the applicant's or witness's written and oral statements . . ., the internal consistency of each such statement, the consistency of such statements with other evidence of record . . ., and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency . . . goes to the heart of the applicant's claim").

Although Zhao explained that the four-year interval referred to the time she knew her boyfriend, rather than the time she lived with him, the agency was not compelled to accept Zhao's explanation, given that her initial response followed questions specifically asking her about whether and

3

for how long she lived with her boyfriend, and given that she concedes that she testified elsewhere that she knew her boyfriend for a period of nearly six years. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (holding that on appeal applicant must demonstrate that explanations for inconsistent testimony compel reasonable fact-finder's belief). The agency also was not compelled to accept Zhao's explanation for the discrepancy between her testimony and her asylum application about the date she began living with her boyfriend, as her only explanation was that she had made a mistake in her testimony. *Id.*

Because the agency's adverse credibility determination is supported by substantial evidence, the agency did not err in denying relief from removal. *See Majidi*, 430 F.3d at 81-82 (determining that petitioner failed to establish eligibility for asylum or withholding of removal because substantial evidence supported the agency's adverse credibility finding); *Paul v. Gonzales*, 444 F.3d 148, 155-57 (2d Cir. 2006) (noting that when the same factual assertions are needed for asylum, withholding of removal, and CAT relief, an adverse credibility finding regarding those assertions forecloses all forms of relief).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk